[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 103)
Conn. Gen. Stat. § 31-327 governs the award of fees and expenses in worker's compensation cases. The motion now before the court presents the question whether, in an action for attorney's fees arising out of a worker's compensation case, the plaintiff seeking such fees must exhaust his administrative remedies by seeking the approval of the commissioner pursuant to § 31-327 prior to seeking redress in the Superior Court. For the reasons briefly stated below, the answer to this question is in the affirmative.
The dispositive facts are not in question. (The parties declined to present evidence at the hearing.) The plaintiff, Joseph L. Gillis, is an attorney. In 1998, Gillis represented the named defendant, Anthony Amendola, in a worker's compensation proceeding. The respondents in that proceeding were Stamford Wrecking, the employer, and AIG Claim Services, Inc. ("AIG"), its insurer. Attorney James L. Pomeranz appeared for the respondents. On October 16, 1998, Amendola stipulated a claim for a 1998 back injury for $5,000. Gillis was awarded a twenty percent attorney fee of $660.80 from the settlement funds. Amendola did not pay this fee. Gillis then moved the commissioner for an order of payment. On April 29, 1999, the Commissioner ordered Amendola to pay Gillis an attorney's fee of $813.86, which sum included the original attorney's fee, plus certain expenses. CT Page 5718
Amendola has not paid the fee to this date. On November 16, 2000, Gillis filed the present collection action in the Superior Court. Gillis is the sole plaintiff. There are three defendants: Amendola, AIG, and Pomeranz. Only the claim against Pomeranz is important for purposes of the present motion. Gillis alleges that Pomeranz owes him the amount in question for his "failure to act in accordance with [his] agreement to forward a settlement check through the plaintiff's Law Office." In support of this allegation, the complaint incorporates by reference a letter from Pomeranz to Gillis dated September 28, 1998. The letter states in full: "Enclosed is Stipulation in settlement of the above matter. Please have your client execute the same and have approved by the Commissioner. Upon receipt of an executed and approved copy of the Stipulation, we will see that payment is forwarded to your attention."
On November 17, 2000, Pomeranz filed the motion to dismiss now before the court. The motion claims that Gillis has failed to exhaust his administrative remedies. The motion was heard on April 23, 2001.
Conn. Gen. Stat. § 31-327 provides that:
 (a) Whenever any fees or expenses are, under the provisions of this chapter, to be paid by the employer or insurer and not by the employee, the commissioner may make an award directly in favor of the person entitled to the fees or expenses, which award shall be filed in court, shall be subject to appeal and shall be enforceable by execution as in other cases. The award may be combined with an award for compensation in favor of or against the injured employee or the dependent or dependents of a deceased employee or may be the subject of an award covering only the fees and expenses.
 (b) All fees of attorneys, physicians, podiatrists or other persons for services under this chapter shall be subject to the approval of the commissioner.
Does this provision apply to the claim that Gillis is making here? Gillis argues that it does not. Sec. 31-327 facially applies only to fees "to be paid by the employer or insurer and not by the employee." In Gillis's view, the action here is predicated on an agreement with a third party (in this case, the attorney for the employer and the insurer) that is outside the scope of § 31-327. Hence, in his view, there is no need to exhaust administrative remedies. CT Page 5719
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Housing Authorityv. Papandrea, 222 Conn. 414, 420, 610 A.2d 637 (1992). (Internal quotation marks and citations omitted.) The dispositive question here is whether § 31-327 provides an administrative remedy that Gillis was required to exhaust before seeking payment of his attorney's fee in the Superior Court.
Subsection (b) of the statute in question, providing that "[a]ll fees of attorneys . . . for services under this chapter shall be subject to the approval of the commissioner," strongly indicates that the answer to this question is in the affirmative. Gillis (who represents himself) candidly admitted at argument that he could have asked the Commissioner for an order requiring Pomeranz to pay the fee in question but failed to do so. Pomeranz had an appearance in the worker's compensation case, so the Commissioner plainly had jurisdiction over him. Under these circumstances, the statutory text requires that attorney fee disputes be submitted to the Commissioner as a prerequisite to Superior Court jurisdiction.
This conclusion is reinforced by policy considerations. Although Pomeranz was neither the employer nor the insurer in the underlying worker's compensation case, he was the attorney for both. Under these circumstances, Gillis's action against Pomeranz for his (Gillis's) attorney's fee is a thinly veiled attempt to shift the burden of his fee from the claimant (Amendola) to the employer and the insurer. Pomeranz acted as an agent for the employer and insurer, and the responsibility for any award against him would eventually be shifted to his principals. Under § 31-327, this cannot be done without the Commissioner's approval. In fact, the Commissioner's order in this very case (incorporated by reference in the complaint) makes it clear that the attorney's fees in question here are to be paid by Amendola.
A different situation might arise if a third party unconnected with the worker's compensation case (say a friend or relative of the claimant) had made an agreement with the claimant's attorney to pay his fee. In a case of that description, the Commissioner would not have jurisdiction over the guarantor, and a subsequent court order enforcing the third-party agreement would not shift the burden of the fee to the employer or insurer. In this case, however, the Commissioner had jurisdiction over Pomeranz, and a court order enforcing the claimed agreement would ultimately shift the burden to the employer or insurer. Under these circumstances, exhaustion of administrative remedies is required.
The defendant James L. Pomeranz's motion to dismiss is granted. CT Page 5720
Jon C. Blue, Judge of the Superior Court